UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCOTT M. BENNETTS,

                Plaintiff,          Case No. 15-cv-10087

v.                                 Honorable Thomas L. Ludington
                                 Magistrate Judge Patricia T. Morris

AT & T UMBRELLA PLAN NO. 1,

                Defendant.

_____/

**ORDER OVERRULING OBJECTIONS, ADOPTING REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD, AND GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD**

On October 19, 2012, Plaintiff Scott M. Bennetts filed a complaint alleging that he was denied disability benefits in violation of § 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132. *Bennetts v. AT & T Integrated Disability Serv. Ctr.*, No. 12-cv-14640 (*Bennetts I*), ECF No. 1. On June 11, 2014, this Court found that AT & T's denial of Long Term Disability Benefits to Bennetts was arbitrary and capricious. ECF No. 26. Accordingly, the case was remanded to the plan administrator for further proceedings. *Id.* AT & T again denied Bennetts's request for Long Term Disability Benefits. On January 9, 2015, Bennetts filed the complaint which forms the basis for this action, *Bennetts v. AT*

*& T Integrated Disability Serv. Ctr.*, No. 15-cv-10087 (*Bennetts II*), ECF No. 1. The parties filed cross motions for judgment on the administrative record, ECF Nos. 18, 19, and the Magistrate Judge filed a Report and Recommendation on May 3, 2016 recommending that Defendant's motion for judgment be granted. Bennetts has timely filed objections. ECF No. 22.

Pursuant to a de novo review of the record, Bennetts's objections will be overruled and the report and recommendation will be adopted. Accordingly, Plaintiff's motion for judgment on the administrative record will be denied, Defendant's motion for judgment on the administrative record will be granted, and Plaintiff's claim will be dismissed with prejudice.

## I.

Neither party has objected to the summary of facts contained in the Magistrate Judge's report and recommendation. Accordingly, they will be adopted as if fully restated herein. Additionally, all of the pertinent facts in this case appear in the administrative record.   Under *Wilkins Baptist Healthcare System*, "the district court [is] confined to the record that was before the Plan Administrator." 150 F.3d 609, 615 (6th Cir. 1998).

## II.

### A.

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2).  Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted).  If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co*., 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id*. (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination, "without

explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id*.

## B.

Although the Court's review of objections to the Magistrate Judge's recommendation will be de novo, a distinct standard of review exists for the Court's analysis of the Defendant's denial of benefits. Generally, a denial of benefits is reviewed de novo by this Court "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). Here, the Plan's terms indicate that that the administrator has discretionary authority: "[a]ny determination made by the Plan administrator or any delegated third party will not be overturned unless it is arbitrary and capricious." Admin. Rec. at SB0666, ECF No. 17. Moreover, the parties stipulated in *Bennetts I* that AT & T's Plan grants the administrator discretionary authority to determine eligibility for benefits or construe the terms of the Plan and, thus, the Court will review the determination under the arbitrary and capricious

standard of review. *See Bennetts v. AT & T Integrated Disability Serv. Ctr.*, 25 F. Supp 3d. 1018, 1027 (E.D. Mich. 2014).

"The arbitrary and capricious standard is the least demanding form of judicial review of an administrative action." *Smith v. Continental Cas. Co.*, 459 F.3d 253, 259 (6th Cir. 2006). The plan administrator's decision will be upheld if it is the result of a deliberate, principled reasoning process and is rational in light of the plan's provisions. *Cooper v. Life Ins. Co. of N. Am.*, 486 F.3d 157, 165 (6th Cir. 2007). "But the arbitrary-and-capricious standard of review is not a 'rubber stamp [of] the administrator's decision.'" *Cooper*, 486 F.3d at 165 (quoting *Jones*, 385 F.3d at 661). "Rather, this standard requires us to review the quality and quantity of the medical evidence and the opinions on both sides of the issues." *Cooper*, 486 F.3d at 165. The administrator must consider the entire record, not selected portions. *Spangler v. Lockheed Martin Energy Sys.*, 313 F.3d 356, 359-62 (6th Cir. 2002).

## III.

Bennetts raises four objections to the Magistrate Judge's report and recommendation. First, he argues the Magistrate Judge erred in finding that the Defendant properly denied benefits because there was not sufficient objective medical documentation of disability. Second, Bennetts argues that the Defendant's decision to not physically examine Bennetts made Defendant's denial of his claim

arbitrary and capricious. Third, Bennetts argues that the Magistrate Judge erred in concluding that Dr. Adams's findings were inconsistent. Fourth, Bennetts argues that the Magistrate Judge wrongly concluded that the vocational assessment made by Ms. Harris was not arbitrary or capricious.

## A.

In his first objection, Bennetts argues that the Magistrate Judge improperly found that there was not sufficient objective evidence of disability for Defendant's conclusion that Bennetts was not disabled to be arbitrary and capricious. Bennetts admits that the he bears the burden of producing objective medical evidence of an illness or injury in order to receive Long Term Disability Benefits. *See* Pl. Objs. at 2, ECF No. 22. Under the benefits plan, Bennetts is entitled to receive Long Term Disability Benefits only if his injury is supported by objective medical evidence and prevents him from engaging in any occupation or employment for which he is qualified. Admin. Rec. at SB0652.

Bennetts asserts that this Court found in *Bennetts I* that Bennetts's surgeries, by themselves, presented objective medical evidence. *See Bennetts v. AT & T Integrated Disability Serv. Ctr.*, 25 F. Supp. 3d 1018, 1034 (E.D. Mich. 2014) ("Given that Bennetts underwent a major surgical operation that could result in severe pain and functional limitations and the myriad of questions remaining concerning the medical evidence in the record, Dr. Tran's summary conclusion that

there was no objective medical evidence of disability was arbitrary and capricious."). Indeed, the mere fact of surgery has been held to provide some objective medical evidence of pain. *See Ebert v. Reliance Standard Life Ins. Co.*, 171 F. Supp. 2d 726, 740 (S.D. Ohio 2001). However, this Court simply found in *Bennetts I* that "Dr. Tran's summary conclusion that there was no objective medical evidence on the record was arbitrary and capricious. He did not address specific findings by Bennetts's physicians that he was disabled or explain how his conclusion was consistent with the 'quality and quantity of the medical evidence' on the record." 25 F. Supp. 3d at 1034. Accordingly, Bennetts's previous suit was remanded not because this Court conclusively determined that the medical evidence showed Bennetts was disabled, but because the Defendant's reviewing doctor made a summary and arbitrary conclusion that there was not sufficient objective medical evidence of disability.

Upon remand, Defendant retained Dr. Levy, a neurosurgeon, and Dr. Lewis, a pain medicine specialist, to review Bennetts's medical records. Admin. Rec. at SB0685–93. Both Dr. Levy and Dr. Lewis found, after a review of Bennetts's medical records, that there was insufficient objective evidence of disability to justify Long Term Disability Benefits. *Id.* at SB0685–708.

In her first report, Dr. Lewis explained that Bennetts would have some "functional impairments" but "would not be disabled." *Id.* at SB0691. She then

recommended Bennetts "be restricted to lifting, carrying, pushing, and pulling 30 pounds occasionally, 15 pounds frequently, reaching overhead, and repetitive bending and twisting at the neck. He would have no other restrictions." *Id*. at SB0692. Bennetts had "no ongoing neurological deficits," but his "subjective complaints [of pain] would impact his ability to function in a heavy physical demand occupation given alteration of spinal kinesiology." *Id.* After being asked for clarification of her findings, Dr. Lewis said that despite the "post-surgical changes of the cervical spine," "mild compression of thecal sac," and "narrowing of the neuroformina," Bennetts would be able to "function with restrictions." *Id.* at SB0710. Dr. Lewis admitted that Bennetts has "ongoing symptoms of neck pain" but "no reported weakness, or sensory changes," and no "reported neurological findings." *Id.* at SB0711.

Likewise, Dr. Levy also found that Bennetts was not disabled. Dr. Levy explained that there "are no current imaging studies or neurological exams, which document objective findings and would support an inability to function." *Id.*at SB0687. He further found that the "findings of diffuse 4/5 weakness throughout the patient's bilateral upper extremities is inconsistent with the patient's prior imaging studies." *Id.* Accordingly, Dr. Levy found that Bennetts "is capable of work with restrictions at the light and sedentary levels based upon his prior cervical surgeries." *Id.* Dr. Levy was also asked for clarification of his findings. He

explained that the mild spinal narrowing he saw did not "compress the exiting nerve roots to a point that radicular pain would be likely." *Id.* at SB0706. Thus, Dr. Levy explained that Bennetts's "ability to work would only be limited by subjective reports of pain and weakness." *Id.* at SB0707. He further explained that "it is standard and reasonable to recommend certain restrictions simply due to the history of cervical surgeries." *Id.*

Unlike Dr. Tran, both Dr. Lewis and Dr. Levy made specific and clear findings regarding the objective medical evidence that Bennetts was not disabled. Instead of asserting summary conclusions, they explained how the medical records did not indicate objective evidence of neurological damage such that Bennetts would be unable to work at any job at all. Bennetts argues that Dr. Lewis and Dr. Levy's findings were arbitrary and capricious because Bennetts has undergone several significant surgeries and thus it would be reasonable to conclude that he experiences residual limitations. As the Magistrate Judge asserted, there is evidence that Bennetts has ongoing functional limitations. But Dr. Levy and Dr. Lewis both recognized that fact as well. They simply found that, notwithstanding Bennetts's functional limitations, he would be able to perform some work. Because Dr. Levy and Dr. Lewis both admitted that Bennetts was likely suffering from pain and residual functional limitations, but still explained why the MRIs did not support a finding of total disability, they avoided Dr. Tran's error of making a

summary conclusion. *See Elliott v. Metro. Life Ins. Co.*, 473 F.3d 613, 620 (6th Cir. 2006) (explaining that the treating physician's opinion can be rejected in favor of an examining physician's opinion only if the opinion was reached through "a deliberate, principled reasoning process"); *Calvert v. Firstar Fin., Inc.*, 409 F.3d 286, 297 (6th Cir. 2005) (finding that the reviewing physician's report was inadequate because it did not address "head-on" the findings of the treating physician). Defendant's reliance on the findings of Dr. Levy and Dr. Lewis that Bennetts was not totally disabled was not arbitrary or capricious.

### B.

In his second objection, Bennetts further argues that Defendant's denial of benefits was arbitrary and capricious because Dr. Levy and Dr. Lewis made their findings without performing a physical examination of Bennetts. Although the decision to simply review the medical record rather than conduct a physical examination is a factor to consider in determining whether the denial of benefits was arbitrary and capricious, "there is 'nothing inherently objectionable about a file review by a qualified physician in the context of a benefits determination.'" *Rose v. Hartford Fin. Servs. Grp., Inc.*, 268 F. App'x 444, 450 (6th Cir. 2008) (quoting *Calvert*, 409 F.3d at 296.) However, the decision to conduct only a file review is troubling where, as in this case, the "right to [conduct an examination] is specifically reserved in the plan." *Calvert*, 409 F.3d at 295. Further, a decision to

- 10 -

not make a physical examination is suspect when "the file reviewers make critical credibility determinations." *Hunter v. Life Ins. Co. of N. Am.*, 437 F. App'x 372, 378 (6th Cir. 2011). In fact, this Court remanded for further proceedings in *Bennetts I* in part because "Dr. Tran made a credibility determination without performing an independent medical examination." 25 F. Supp. 3d. at 1031. Although it would have been a best practice for Dr. Levy and Dr. Lewis to perform a physical examination of Bennetts, the decision to review only the file does not necessarily make the denial of benefits arbitrary and capricious. Rather, the review need only "follow reasonable procedures," which means "that the file reviewer [must] perform a comprehensive, rather than selective, review of the records when rejecting claimant's self-reported symptoms." *Id.* (citing *Ebert v. Reliance Standard Life Ins. Co.*, 171 F. Supp. 2d 726, 740 (S.D.Ohio 2001)).

In *Bennetts I*, this Court found that Dr. Tran did not use reasonable procedures because, without conducting a physical examination, he summarily rejected Dr. Adams's conclusion that there was objective evidence of functional limitations and likewise dismissed Bennetts's complaints of pain. 25 F. Supp. 3d at 1031. However, both Dr. Levy and Dr. Lewis found that Bennetts was likely suffering functional limitations and experiencing pain. *See* Admin. Rec. at SB0690–92, 706–07, 710–11. Unlike Dr. Tran, Dr. Levy and Dr. Lewis did not summarily reject Bennetts's complaints of functional limitations and pain. Rather,

they found that, despite those limitations, there was not objective medical evidence sufficient to support a finding that Bennetts was unable to perform any job at all. As already discussed, both Dr. Levy and Dr. Lewis were deliberate and reasoned in their rejection of Dr. Adams's conclusions. Accordingly, they followed reasonable procedures, despite their decision to not physically examine Bennetts, and Defendant's reliance on their determinations was not arbitrary or capricious.

### C.

Third, Bennetts argues that the Magistrate Judge improperly found that Dr. Adams's findings were inconsistent. The Magistrate Judge explained that Dr. Adams found in November 2011 that Bennetts could not lift more than five pounds, but then found in February 2012 that Bennetts could lift up to ten or fifteen pounds. Rep. & Rec. at 29 (citing Admin. Rec. at SB0291, SBO0132). Regardless of whether, as the parties dispute, Dr. Adams conducted a physical examination between those two findings, it would not be inconsistent for Dr. Adams to find that Bennetts's ability to lift weight increased as he recovered from surgery. Accordingly, the disparity in Dr. Adams's recommendations is not a reason to doubt his finding of disability. However, even though Dr. Adams's findings were not inconsistent, Dr. Levy and Dr. Lewis both provided deliberate, reasoned explanations for their determination that Bennetts was not disabled. As already addressed, Dr. Levy's and Dr. Lewis's reasoned opinions were sufficient to

provide a nonarbitrary basis for the Defendant to reject Bennetts's claim for benefits. Thus, even though Dr. Adams's findings were not inconsistent with each other, Defendant's decision to rely on Dr. Levy's and Dr. Lewis's findings was not arbitrary and capricious.

**D.**

Finally, Bennetts argues that Ms. Harris's vocational assessment was arbitrary and capricious because it did not consider Dr. Levy's finding that Bennetts was capable of performing only sedentary or light duty positions. However, the three positions that Ms. Harris found that Bennetts was capable of performing were all classified as "sedentary." Admin Rec. at SB0278. Accordingly, Dr. Levy's findings would not have changed Ms. Harris's analysis.

**IV.**

Accordingly, it is **ORDERED** that Plaintiff Bennetts's objections, ECF No. 22, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 21, is **ADOPTED**.

It is further **ORDERED** that Defendant AT & T's motion for judgment on the administrative record, ECF No. 18, is **GRANTED**.

It is further **ORDERED** that Plaintiff Bennetts's motion for judgment on the administrative record, ECF No. 19, is **DENIED**.

It is further **ORDERED** that Plaintiff Bennetts's complaint, ECF No. 1, is **dismissed with prejudice.**

Dated: September 13, 2016                         s/Thomas L. Ludington
                                                  THOMAS L. LUDINGTON
                                                  United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 13, 2016.

                         s/Michael A. Sian
                         MICHAEL A. SIAN

---